302 F. Supp. 239

THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
**FILED**
JUN 19 1969
PATRICIA D. WILT
CLERK

IN RE MULTIDISTRICT PATENT AND )
ANTITRUST LITIGATION INVOLVING )    DOCKET NO. 20
KORATRON                        )

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
WILLIAM H. BECKER*, JOSEPH S. LORD, III, EDWIN A ROBSON,
STANLEY A. WEIGEL, AND EDWARD WEINFELD, JUDGES OF THE PANEL

JOHN MINOR WISDOM, JUDGE OF THE PANEL

Koratron Company, Inc. is a California corporation with its principal offices in San Francisco. The Company employs a patented process for manufacturing "permanent press" garments which are washable yet retain their shape and creases without being ironed. Koratron has 365 licensees in the United States: 257 are garment manufacturers licensed to use the patented process, and the rest are textile mills and others licensed to use Koratron's trademark.

Koratron is now in sixteen cases originally filed in six different district courts.[1] Ten are pending in California, nine of which are in the Northern District of California.[2] There is one case in the Southern District of New York, one in the District of Colorado, one in the Eastern District of Kentucky, and one in the Northern District of Georgia.

---

* Judge Becker did not participate in this decision.

Stated generally, all of these actions turn on whether Koratron used its patents, trademarks, and licensing agreements to create a monopoly in restraint of trade.[3/] There is no doubt that the actions involve one or more common questions of fact and that Section 1407(a) was designed for actions of the type now before us. The only question is which forum is most appropriate "for the convenience of parties and witnesses" and will best "promote the just and efficient conduct for such actions", in accordance with the statutory objectives of Section 1407(a).

The cases may be divided into three groups: (1) the patent licensee cases, (2) the Kotzin case, and (3) the Deering Milliken cases.

I. The Patent Licensee Cases.

Thirteen of the sixteen cases are between Koratron and garment manufacturers licensed to use Koratron's patents.[4/] In each of the thirteen cases, except Oxford Industries, Inc. v. Koratron Company, Inc., Koratron sued a garment manufacturer for failure of the licensee to pay royalties. The licensees responded by attacking the scope and validity of the patent and alleged that Koratron had violated the antitrust laws. In each case the licensee contended that its business had been damaged as a result of a secret agreement between Koratron and Dan River Mills.

Dan River Mills agreement is the starting point for most of this litigation. All of the licensee agreements contain a "most favored royalty" provision which in essence provides that any licensee shall be entitled to the benefit of any more favorable terms subsequently granted to another licensee. Under the Dan River Mills agreement with Koratron, however, Dan River is not required to pay royalties to Koratron for the use of its patent. The other garment manufacturers now want the benefit of this agreement i.e. royalty free use of the patent and a refund of all royalties paid after the date of the Dan River Mills agreement. Koratron contends that the Dan River Mills agreement is void since it was induced by fraud and coercion. Koratron has brought third party actions against Dan River Mills. Common questions of fact relating to this agreement and its effect on the prior licenses make § 1407 clearly applicable to these cases.

The <u>Oxford</u> case at present involves only the effect of the <u>Dan River Mills</u> agreement on the contractual relationship between Koratron and Oxford. Recognizing these common questions of fact all the parties in the

- 4 -

patent licensee cases except Oxford agree that some type of consolidation of these cases is appropriate and necessary for their just and efficient conduct. Koratron would like to have all cases transferred to the Northern District of California under § 1404(a) while other parties favor the more limited transfer for consolidated or coordinated pretrial proceedings under § 1407. Sections 1404(a), 1406(a), and 1407 are not mutually exclusive and, when appropriate, should be used in concert to effect the most expeditious disposition of multidistrict litigation. Compare In re Hendersonville Air Disaster Cases ____Fed.Supp._____ (Jud. Pan. on Mult. Lit. 1969) with In re Falls City, Nebraska Aircrash Litigation ____Fed.Supp._____ (Jud. Pan. on Mult. Lit. 1969).

At the hearing before the Panel, counsel for Oxford strongly opposed the inclusion of that case in any consolidated or coordinated pretrial proceedings. Although conceding that there was a common party, a common licensee agreement between the parties, and common questions of fact concerning the Dan River Mills agreement, counsel urges that this simple case will be delayed and the ends

of justice abused by including it with the other more complicated actions. We hold that these common questions of fact require that this case be included for consolidated or coordinated pretrial purposes. If this case and its concomitant discovery are as simple as counsel urges, it may be remanded as soon as that limited discovery is completed.

II. The Kotzin Case

A-1 Kotzin Company, a Los Angeles garment manufacturer which has never been licensed under any Koratron patent, is the defendant in a patent infringement action brought by Koratron in the Central District of California. In addition to denying infringement, Kotzin responded to the charges by attacking the validity of the Koratron patent and by raising antitrust claims similar to those presented in the patent licensee cases. This was the first case filed and substantial discovery has occurred already. Counsel for Kotzin does not oppose the inclusion of this case in consolidated or coordinated pretrial proceedings. We hold that there are sufficient common questions of fact to justify its transfer under § 1407.

### III. The Deering Milliken Cases

Koratron commenced an action against Deering Milliken, a mill licensee, in the Northern District of California. Shortly thereafter Deering Milliken sued Koratron in the Southern District of New York. The California case is presently on appeal to the Ninth Circuit while the New York case has been stayed pending determination of venue questions being raised in the appeal. Regardless of whether venue is properly laid in New York there can be no doubt that pretrial proceedings should be conducted in a single court. These cases more nearly resemble the Kotzin case since patent validity is a major issue and it is clear that they would benefit from consolidated or coordinated pretrial proceedings.

### IV. Choice of Forum

Deering Milliken argues strongly that the appropriate forum for coordinated or consolidated pretrial proceedings is "where the action is". In the garment industry the action is in New York. A large number of Koratron's licensees are located in the East, and it

is reasonable to conclude that additional cases will be filed in the Southern District of New York. Bayly Manufacturing Co., the Colorado plaintiff, supports Deering Milliken's position.

Koratron and the California plaintiffs favor the Northern District of California.

We cannot deny that the selection of either coastal district will result in substantial inconvenience and additional cost to those parties and their attorneys who will be required to travel across-country for pre-trial proceedings. However nearly all favor consolidated pretrial proceedings and thus there must be inconvenience to some. Any inconvenience and added expenses "will be more than offset by saving from and convenience of coordinated or consolidated pretrial proceedings directed by the transferee judge." In re Antibiotic Drug Litigation 295 Fed.Supp. 1402, 1404 (Jud. Pan. on Mult. Lit. 1968).

We find arguments favoring the Northern District of California the most compelling. Nine of these 13 transferable cases are now pending in the Northern District

of California.  This fact is not dispositive of the question, but it is certainly relevant to the selection of a proper transferee forum.  <u>In re Protection Device Cases</u> 295 Fed.Supp. 39 (Jud. Pan. Mult. Lit. 1968). The fact that virtually all the documentary evidence involving the <u>Dan River Mills</u> agreement will come from Koratron's corporate offices and its officers all of whom are located in the San Francisco area is particularly significant due to the important role played by that agreement.  As Judge Ryan held in transferring <u>Siegel</u> to the Northern District of California:

> "While plaintiff [Siegel] is directly involved with one action pending in this District, defendant [Koratron] is faced with many actions or claims resulting from a great many licenses.  The earliest actions were instituted in California and have been consolidated.  Many of defendant's key witnesses will be common to all of the actions and obviously the convenience of defendant and also the witnesses would be served by trial in a single forum.
>
>               \*\*\*
>
> The pendency of other actions in California, which have already been consolidated, appears to be a most compelling reason for transfer . . . 'there is a strong policy favoring the litigation of related claims in the same tribunal' . . .

> "After considering all of the relevant factors, I conclude that the convenience of parties and witnesses and the interest of justice would be best served by transferring this action to the United States District Court for the Northern District of California."

IT IS THEREFORE ORDERED that the following four cases now pending elsewhere are hereby transferred for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407 to the Northern District of California:

| Case | District | Number |
|---|---|---|
| Deering Milliken, Inc. v. Koratron Co., Inc. | S.D. New York | 67 Civ. 2383 |
| Bayly Manufacturing Co. v. Koracorp Inc., et al | Colorado | C-1109 |
| Koratron Co., Inc. v. A-I Kotzin Co. | C.D. Calif. | 67-1264-PH |
| Oxford Industries, Inc. v. Koratron Co., et al. | N.D. Georgia | 12557 |

The Chief Justice of the United States has temporarily assigned Judge William E. Doyle of the District of Colorado to the Northern District of California and Chief Judge Harris has consented to the assignment of these cases to Judge Doyle.

IN RE MULTIDISTRICT PATENT
AND ANTITRUST LITIGATION
INVOLVING KORATRON
DOCKET NO. 20

## FOOTNOTES

1/ Three of these cases are on appeal: Koratron v. Cowden and Koratron v. Deering Milliken in the Northern District of California and Cowden v. Koratron in the Eastern District of Kentucky. Because of the possibility of these cases being remanded to the district court for further proceedings, the Panel included the parties in the show cause order.

2/ Four of the cases now pending in the Northern District of California, Blue Bell, Inc. v. Koratron, Henry I. Siegel Co. v. Koratron, Salant & Salant, Inc. v. Koratron and Standard Romper, Inc. v. Koratron were initially filed in the Southern District of New York and transferred to the Northern District of California under Section 1404(a), Title 28, U.S.C.

3/ The issues may be divided and classified as follows:

1. Actions brought by Koratron to establish the validity and infringement of its patent.
   (1 case)

2. Actions by Koratron to compel arbitration of the disputes between it and certain licensees.
   (2 cases)

3. Actions by Koratron to seek payment of royalties under the licensing agreement.
   (3 cases)

4. Actions by non-licensee infringers for a declaration that the patents are invalid and/or not infringed

5. Actions brought by licensees involving one or more of the following issues:
   a. validity and infringement of patent
   b. illegality of license agreements
   c. Koratron's alleged monopoly in restraint of trade
   d. illegal extension of patent monopoly
   (9 cases)

Cont'd - Footnotes

4/ The adverse parties, defendants in some cases, plaintiffs in others are: Jack Winter, Inc., Armory Garment Company, Metro Pants Company, Haggar Company and Levi Strauss & Company (filed in the Northern District of California); Henry I. Siegel Company, Inc., Bluebell, Inc., Standard Romper Company and Salant & Salant Inc. (originally filed in the Southern District of New York but transferred under § 1404(a) to the Northern District of California), Bayly Manufacturing Company (District of Colorado); and Cowden Manufacturing Company (Northern District of California and Eastern District of Kentucky).



JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUN 1 0 1970

PATRICIA D. HOWARD
CLERK OF THE PANEL

THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE KORATRON PATENT LITIGATION: )
KORATRON COMPANY, INC. V. LION ) DOCKET NO. 20
UNIFORM, INC. (S.D. OHIO, No. 3833) )

## OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

On November 28, 1969, Koratron Company, Inc. brought a patent infringement action in the United States District Court for the Northern District of California against Lion Uniform, Inc. That action was assigned to Judge William E. Doyle to whom all such actions had been assigned following transfer under 28 U.S.C. Section 1407. In re Koratron Patent Litigation 302 F.Supp. 239 (JPML 1969). On March 6, 1970, Judge Doyle dismissed that action for lack of venue under 28 U.S.C. Section 1400(b) and Koratron perfected an appeal to the United States Court of Appeals for the Ninth Circuit.

Shortly thereafter Koratron brought a virtually

identical action against Lion in the Southern District of Ohio where venue is apparently not disputed. We then entered a "conditional transfer order" pursuant to Rule 12 of the <u>Rules of Procedure of the Judicial Panel on Multi-district Litigation</u> transferring this action to the Northern District of California for coordinated or consolidated pretrial proceedings and with the prior consent of that court assigning it to Judge Doyle. Lion filed a timely notice of opposition and motion to vacate and brief in support; and the "conditional transfer order" was stayed indefinitely. No party has requested a hearing and we have not determined that one is necessary.

Perhaps we would have been more persuaded by the brief in support of Lion's motion to vacate if we could accept counsel's characterization of the issue before us.[1/] But that issue is not whether the second action should be stayed but whether it should be transferred to the Northern District of California for pretrial proceedings under Section

---

[1/] In his motion and brief counsel states that: "The single issue on this motion is whether a plaintiff who has appealed from dismissal of an action in one United States District Court can properly force the defendant to the trouble and expense of concurrently defending such appeal, and also of trying a second later filed action in another district court by the same plaintiff against the same defendant on the same issues".

1407. Since this action is said to be virtually identical with the previous action commenced in the Northern District of California there can be little doubt that it contains questions of fact common to the other actions involved in this multidistrict litigation nor can it be gainsaid that such a transfer would greatly inconvenience this defendant. We are convinced that transfer of this action to the Northern District of California and its assignment to Judge Doyle will promote the just and efficient conduct of this litigation. The dismissal of the prior action against defendant for lack of venue was without prejudice to the pending action. Whether this action should be stayed pending resolution of the pending appeal or whether the defendant should be required to participate in pretrial proceedings is a matter to be decided by the transferee judge.

IT IS THEREFORE ORDERED that the defendant's motion to vacate is denied and the stay of the May 8, 1970 conditional transfer order is hereby lifted. The Clerk of the Panel is directed to transmit a certified copy of that order to the Clerk of the Northern District of California for filing pursuant to 28 U.S.C. §1407(c).

-3-

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

MAY 12 1971

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE KORATRON PATENT LITIGATION )
)
*Koratron Company, Inc. v. W. Koury* ) DOCKET NO. 20
*Company, Inc.*, M.D. North Carolina, )
Civil Action No. C-147-G-70 )

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III,
AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

In June of 1969, four actions involving Koratron's "permanent press" process for garments were transferred to the Northern District of California for assignment to Judge William E. Doyle. *In re Koratron Litigation*, 302 F. Supp. 239 (JPML 1969). Those cases and the twelve related actions originally filed in the Northern District of California or transferred there under 28 U.S.C. §1404(a) all raised common fact questions involving Koratron's use of its patents, trademark and licensing agreements concerning the "permenent press" process. Koratron brought this action against Koury, one of its many licensees, in July of 1970, seeking recovery of royalties due under the licensing agreement and damages for subsequent patent infringement.

Upon learning of the existence of this case, the Clerk of the Panel entered and served a conditional transfer



order pursuant to Rule 12, of the Panel's Rules of Procedure. Koury now moves to vacate that order and Koratron opposes that motion. This matter was originally set for hearing on February 26, 1971, but was vacated at the request of counsel for Koury. Due to circumstances beyond his control, counsel for Koury was also unable to attend the rescheduled hearing on March 26, 1971. The Panel allowed counsel for Koratron to present that party's position and gave counsel for Koury a reasonable time thereafter to submit his reply to the matters raised at the March hearing. On the basis of the briefs and supplemental remarks of counsel, we deny the motion to vacate and order the action transferred.

Koury admits that its action has many fact questions in common with the actions previously deemed appropriate for coordinated or consolidated pretrial proceedings, but it opposes transfer because of asserted difficulties in "catching-up" to already completed discovery in the actions before Judge Doyle. Koury argues that substantial discovery has already been completed in the transferee court and that it will be both difficult and expensive for it to secure and analyze the discovery materials already produced there. Even if this task is accomplished, Koury complains that it will be handicapped by the fact that it did not participate in that earlier discovery.

We are aware of the difficulties created by transfer of *tag-along cases* after discovery has begun in the transferee court, but we are convinced that those difficulties are

outweighed by the benefits of centralized management of pretrial proceedings. Denial of transfer might eliminate Koury's problem of participating in the discovery before Judge Doyle but could result in the type of duplicative discovery which our original transfer was intended to prevent.

Koury attempts to avoid this problem by alternatively requesting a stay of its action "pending a trial upon the merits of any or all of the presently consolidated actions. . . ." This tactic is apparently designed to give Koury the benefit of discovery in the cases before Judge Doyle, without imposing on it any of the burdens carried by the participants in those proceedings. Similar arguments have been uniformly rejected in the past because they do not eliminate the threat of repetitive discovery. As we said in the *Frost Patent Litigation*, 316 F. Supp. 977, 979 (JPML July 21, 1970), "we believe that Section 1407 was intended to provide a procedure which would *insure* that repetitious and duplicative discovery is avoided by providing that all related actions be assigned to a single judge." And see *In re Plumbing Fixtures Litigation*, 311 F. Supp. 349, 351 (JPML 1970); *In re Gypsum Wallboard Litigation*, 303 F. Supp. 510, 511-12 (JPML 1969).

Koury's entry into this litigation will be considerably eased by the fact that it is represented by patent counsel who has represented another client before Judge Doyle from the beginning of pretrial proceedings. And the transferee

court will, in any event, insure that all previous discovery is made available to Koury and may also allow Koury, if necessary, to supplement the discovery already completed. *In re Gypsum Wallboard, supra*. We can find no support for the contention advanced in Koury's supplemental papers that the remand and trial of the transferred cases is imminent and conclude that it is important to transfer this case immediately so that Koury may be represented at the pretrial conference presently scheduled for May 21, 1971.

IT IS THEREFORE ORDERED that Koury's motion to vacate is denied and the stay of the September 28, 1970 conditional transfer order is hereby lifted. The Clerk of the Panel is directed to transmit a certified copy of that order to the Clerk of the Northern District of California for filing pursuant to 28 U.S.C. §1407(c).